1 | ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
2 | 10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
3 | Telephone: (310) 443-4139
Facsimile: (310) 943-2255
4
Attorneys for Plaintiff
5 | MARY MOURING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY M. MOURING, | Case No: 2:15-CV-06962 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| HP FINANCIAL, LLC, and DOES 1-10, inclusive, | |
| Defendants. | |

COMPLAINT

Plaintiff Mary Mouring hereby complains against defendants HP Financial, LLC, and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Defendants are debt collectors who attempted to collect an alleged credit card debt from plaintiff. In doing so, defendants committed violations of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act.

2. Defendants claim to have purchased an old credit card account of plaintiff's, from the alleged original creditor, HSBC. Defendants issued a letter to plaintiff on or about June 10, 2015 which stated "If we do not receive payment by July 9th, 2015, we will, at our option, pursue this matter in a Court of Law." The statute of limitations on the alleged account had already passed at the time of the letter. Moreover, defendants had no intention of filing suit, and did not.

3. Defendants' June 10, 2015 letter also informed plaintiff that her original agreement with HSBC " . . . clearly states the following: Default: "Purchaser shall pay for expenses of Seller in enforcement of remedies including reasonable attorney's fees and other legal expenses. All overdue payments shall bear the original interest agreed upon until paid in full…" In fact, the purported agreement between plaintiff and HSBC did not contain this language.

4. Defendants June 10, 2015 letter further stated "your total amount due on the account above is $4243.04." This demand considerably overstated the amount due on the alleged account.

5. On or about July 27, 2015, defendants' employee Katie Hart sent plaintiff an email, which failed to state that it was from a debt collector.

6. On or about August 12, 2015, plaintiff spoke with "Michelle" at HP Financial, LLC, who told plaintiff that her account was "with an attorney in your area." This was false, as HP Financial had not referred the account to an attorney.

## JURISDICTION AND VENUE

7. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Central District of California because the defendants reside in this district. Defendants do regular business and are subject to personal jurisdiction in this district.

## FIRST CAUSE OF ACTION
### (Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

9. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

10. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

11. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt allegedly owed by plaintiff.

12. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

13. Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

14. Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

15. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**

16. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

17. The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq (the "Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Civil Code § 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code § 1788.1(a)(2).

18. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(d), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debt. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a consumer debt alleged to be due and owing.

19. The purported debt which defendants attempted to collect from plaintiff was a "consumer debt" within the meaning of Civil Code § 1788.2(f).

20. Defendants violated Civil Code § 1788.13(j) by making a false representation that a legal proceeding was about to be, or will be instituted unless payment of a consumer debt is made.

21. Defendants violated the provisions of Civil Code § 1788.17 by:

    (a) using false, deceptive, or misleading misrepresentations or means in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692e; and

    (b) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

22. As a proximate result of defendants' violations enumerated above, plaintiff has been damaged in amounts which are subject to proof, and is entitled to collect such actual damages from defendants.

23. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.30(b) and Civil Code § 1788.17.

24. Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Civil Code §1788.30(c), and Civil Code § 1788.17.

WHEREFORE, plaintiff prays for relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For injunctive relief;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: September 3, 2015                    Respectfully Submitted,

                                            TRUEBLOOD LAW FIRM


                                            By:  _____/s/_____
                                                 Alexander B. Trueblood

                                            Attorneys for Plaintiff
                                            MARY MOURING

4

COMPLAINT